**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF OREGON

| | | |
|---|---|---|
| **ELIZABETH L. PERRIS**<br>BANKRUPTCY JUDGE | 1001 S.W. FIFTH AVENUE, # 700<br>PORTLAND, OREGON 97204<br>(503) 326-1536 | DIANE K. BRIDGE, LAW CLERK<br>BETHANY COLEMAN-FIRE, LAW CLERK |

August 31, 2012

**VIA ECF**

Albert N. Kennedy
Tonkon Torp LLP
1600 Pioneer Tower
888 SW Fifth Ave.
Portland, OR 97204

Heather A. Brann
Gary U. Scharff
521 SW Morrison St. Ste. 1300
Portland, OR 97205

      Re:   <u>Williams, Love, O'Leary, & Powers, P.C.</u>,
             Case No. 11-37021-elp11
             Objection to Confirmation

Dear Counsel:

    At the close of the August 10, 2012, hearing on confirmation of debtor's proposed chapter 11 plan, I indicated that I would rule in writing. The objecting creditor, Heather Brann, advised the court that she had two objections remaining after certain amendments to the plan and confirmation order language were worked out before and during the hearing. The purpose of this letter is to give you my ruling on those two remaining issues: (1) debtor's failure to provide for alternative treatment for Brann's claims for Tier 2 and Tier 3 fees in the event she prevails on appeal or in the pending adversary proceeding, and (2) debtor's use of the federal judgment interest rate rather than the contract rate for Brann's contract claims. For the reasons explained below, Brann's objections are overruled and debtor's plan will be confirmed as modified per the discussion at the confirmation hearing.

    The court shall confirm a chapter 11 plan if the requirements of § 1129(a) are met. Although Brann raised various objections to confirmation based on a number of different provisions in § 1129(a), by the end of the confirmation hearing

her objections were reduced to the two mentioned above.  I will discuss each in turn.

1. <u>Debtor's failure to provide for alternative treatment of Brann's claims for Tier 2 and Tier 3 fees in the event of her success on appeal or in the pending adversary proceeding</u>

Brann asserts that her claims for payment for work she did on Pain Pump cases are secured by an attorney's lien.  Following a hearing, I held that Brann does not have an attorney's lien for those fees.  Thus, her claims for fees on Pain Pump cases are unsecured.

Brann has appealed the judgment resulting from the attorney's lien ruling, and has asserted claims in Adversary Proceeding No. 11-3279 that, if successful, will in Brann's view require reclassification of her unsecured claims as secured.

Debtor's plan treats Brann's claims for fees as general unsecured claims.  The plan does not provide for any alternative treatment of the claims in the event Brann is successful on appeal or in the adversary proceeding.

Brann argues that debtor's failure to provide for alternative treatment (or to allow for modification of the plan) is fatal to confirmation of the plan.  She asserts that debtor's failure to preserve her right to alternative treatment demonstrates that debtor's plan has not been proposed in good faith as required by § 1129(a)(3).

Brann does not point to any provision of the Bankruptcy Code that requires debtor to preserve rights she is pursuing on appeal or through litigation to obtain secured status, and I am not aware of any such requirement.  This court has ruled that Brann does not have an attorney's lien on the proceeds of settlements from Pain Pump cases.  Debtor's treatment of Brann's claims asserting her right to payment for the Pain Pump cases as unsecured is consistent with that ruling.

The fact that a final judgment adjudicating particular issues is on appeal, or that a creditor has asserted alternative theories for transforming an unsecured claim into a secured claim, does not mean that a debtor must provide for alternative treatment of the claim in the event of the creditor's success.

There is no provision of the Bankruptcy Code, in particular in § 1129(a), that includes such a requirement.

Further, the fact that the debtor's plan treats claims as unsecured that this court has determined to be unsecured is not demonstrative of lack of good faith.

I overrule Brann's objection to the plan that is based on debtor's failure to provide for alternative treatment of Brann's fee claims in the event of success on appeal or in the adversary proceeding.[1] That treatment does not violate the Code or demonstrate lack of good faith.

2. <u>Interest rate on unsecured claims</u>

Second, Brann argues that the plan violates § 1129(a)(7)(A)(ii), the best interest of creditors test,[2] by providing that postpetition interest will be paid on her contract claims at the federal judgment interest rate rather than at the rate provided in her contract with debtor, which is the state judgment interest rate of 9 percent.

In chapter 11, a non-accepting holder of an impaired claim is entitled to receive a value not less than what the creditor would receive in a chapter 7 liquidation. § 1129(a)(7)(A)(ii). In a chapter 7 liquidation, the general rule is that unsecured creditors are not entitled to postpetition interest on their

---

[1] Sterling Savings Bank voted in favor of debtor's proposed plan. Any requirement that debtor must provide Brann with alternative treatment in case she prevails on appeal or in the adversary proceeding would directly impact Sterling Savings Bank. Although this impact does not provide a basis for overruling Brann's objection, it demonstrates the complexity debtor would face if it were required to accommodate Brann's "what if" objection. Providing for such a contingency might cause Sterling Savings Bank to change its vote in favor of the plan, thereby raising a new set of legal and factual issues for debtor.

[2] Brann may also be arguing that use of the federal judgment interest rate shows a lack of good faith. Because debtor is correct about the interest rate, its use in the plan cannot demonstrate lack of good faith.

Albert N. Kennedy
Heather A. Brann
Gary U. Scharff
August 31, 2012
Page 4

claims. See § 502(b)(2) (disallow claim to extent it is for unmatured interest). An exception to that rule applies when the debtor is solvent. § 726(a)(5). In that case, an unsecured creditor is entitled to postpetition interest "at the legal rate[.]" Id. "At the legal rate" means the federal judgment interest rate, not the contract or state judgment interest rate. In re Cardelucci, 285 F.3d 1231 (9th Cir. 2002).

Brann argues that Cardelucci does not apply to her contract claims because that case involved a prepetition tort judgment, not a contract claim. Because Brann's contract calls for interest at the state judgment interest rate, which is 9 percent, she argues that she is entitled to postpetition interest at 9 percent.

Cardelucci did involve a prepetition tort judgment. The judgment debtor filed chapter 11, and sought to pay postpetition interest at the federal judgment interest rate rather than the state judgment interest rate. However, the court considered the more general question of what interest rate applies to the claim of an unsecured creditor when the debtor is solvent:

> Where a debtor in bankruptcy is solvent, an unsecured creditor is entitled to "payment of interest at the legal rate from the date of the filing of the petition" prior to any distribution of remaining assets to the debtor. 11 U.S.C. § 726(a)(5). The question presented by this appeal is whether "interest at the legal rate" means a rate fixed by federal statute or a rate determined either by the parties' contract or state law.

285 F.3d at 1234.

After considering the statutory language, the court concluded that "the legal rate" as used in § 726(a)(5) means the federal judgment interest rate. The court also noted that using this rate "promotes uniformity within federal law," explaining that "[a]s of the date of the filing of the petition, creditors hold a claim, similar to a federal judgment, against the estate, the payment of which is only dependent upon completion of the bankruptcy process." Id. at 1235. "In bankruptcy, an allowed claim becomes a federal judgment and therefore entitles the holder of the judgment to an award of interest pursuant to federal statute." Id. Section 726(a)(5) applies to unsecured

claims in general, whether those claims arise out of contract or tort.

Brann further argues that Cardelucci is inconsistent with United Savings Assoc. of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365 (1988), which said that, when a debtor is solvent, "§ 726(a)(5) provides that postpetition interest is allowed on unsecured claims." 484 U.S. at 379. The fact that the statute requires payment of postpetition interest does not tell us what the rate of interest to be paid should be. That question is answered by the language of § 726(a)(5), requiring payment at "the legal rate." Nothing in Timbers of Inwood interprets "the legal rate." It simply did not address the issue addressed in Cardelucci and that is the subject of Brann's objection here.

Brann also argues that Cardelucci has been overruled by Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443 (2007), and Gen'l Elec. Capital Corp. v. Future Media Productions, Inc., 536 F.3d 969 (9th Cir. 2008). I disagree. The issues in those cases differ from the one here, which is the meaning of "the legal rate" of interest as used in § 726(a)(5). The point of both of those cases, as relevant here, is that creditors' rights are determined under state law, unless some provision of the Bankruptcy Code provides otherwise. With regard to the postpetition interest rate on the claims of unsecured creditors, the Bankruptcy Code provides otherwise. Unsecured creditors are generally denied unmatured interest on their claims, § 502(b)(2), unless the debtor is solvent, in which case unsecured creditors are entitled to interest "at the legal rate." § 726(a)(5). Nothing in the cases Brann cites supports a definition of "the legal rate" as other than the federal judgment interest rate.

Therefore, I will overrule Brann's interest rate objection to debtor's plan.

3. Other confirmation requirements

Brann's other objections to debtor's proposed plan were resolved before or at the confirmation hearing. However, even in the absence of an objection to confirmation, the court is required to satisfy itself that the requirements of confirmation have been met. In re Ambanc La Mesa Ltd. P'ship, 115 F.3d 650,

653 (9th Cir. 1997); <u>In re Perez</u>, 30 F.3d 1209, 1213 (9th Cir. 1994).

The court has considered the requirements for confirmation set out in § 1129(a) and finds that all requirements have either been met or do not apply.

Brann spent a good deal of her briefing and confirmation hearing challenging debtor's good faith in proposing the plan, seeking to support her objection under § 1129(a)(3). I am not convinced by either Brann's argument or the testimony elicited in the hearing that debtor's plan was not proposed in good faith. Therefore, to the extent Brann's good faith objection is based on something other than the issues discussed in paragraphs 1 and 2 above, the objection is overruled.

4. <u>Conclusion</u>

Brann's objections to confirmation are overruled. Debtor's Third Amended Plan, as modified by language discussed at the confirmation hearing, will be confirmed. Mr. Kennedy should submit the confirmation order after presenting it to Brann and her counsel for approval as to form.

Very truly yours,

*Elizabeth L. Perris*

ELIZABETH L. PERRIS
Bankruptcy Judge